# AFFIDAVIT

I, Jennifer Ho, Special Agent with the Bureau of Alcohol, Tobacco, and Firearms (ATF), United States Department of Justice, having been duly sworn, depose and state that:

## I. INTRODUCTION AND AGENT BACKGROUND

1.  I am a Special Agent for the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) and have served in that capacity since August 2021. I am currently assigned to the Norfolk Field Office and charged with investigating violations of federal firearms, explosives, and arson laws. I am a graduate of both the Criminal Investigator Training Program and the ATF National Academy. At the ATF National Academy, I received specialized training in firearms, arson, explosives, and narcotic-related crimes.

2.  I am a law enforcement officer of the United States empowered by law to conduct investigations and to make arrest for offenses enumerated in 18 U.S.C. § 2516. I have participated in numerous arrests, search warrants, controlled purchases, controlled deliveries of evidence, and complex investigations that involve drug organizations, unlawful possession and/or use of firearms, and persons who have possessed and distributed controlled substances for financial gains while in possession of firearms.

3.  The statements in this affidavit are based in part on my investigation of this matter and on information provided by other law enforcement officers/agents. Because this affidavit is being submitted for the limited purpose of securing a complaint and arrest warrant, I have not included each and every fact known to me concerning this investigation.

## II. PROBABLE CAUSE

4.  Through my own investigation, and through members of the investigative team, I have learned the following facts:

5. In approximately September 2024, Norfolk Police Department ("NPD") identified Antoine Maurice LYONS ("LYONS") as a source of supply for heroin in the Calvert Square area. NPD utilized a confidential informant to complete controlled purchases of heroin from LYONS from 728 Chapel Street in Norfolk, VA and 900 Tunstall Avenue, in Norfolk, Virginia. Throughout the investigation, LYONS' vehicles were observed at 1349 Majestic Avenue, in Norfolk, VA and he was seen entering and exiting the residence. NPD obtained search warrants for these residences and an arrest warrant for LYONS on November 21, 2024.

6. On December 4, 2024, NPD executed a search warrant at 1349 Majestic Avenue, Norfolk, VA 23504 and an arrest warrant for LYONS.

7. LYONS was apprehended by NPD after exiting 1349 Majestic Avenue, with a cellphone and $1,900 U.S. Currency ("USC") on his person.

8. Following the execution of the search warrant at 1349 Majestic Avenue, investigators identified the primary bedroom as a shared bedroom for LYONS and the lease owner, his girlfriend. Throughout the bedroom were items indicative of LYONS' occupancy at this residence, to include mail addressed to LYONS at another known address (2450 John Fosters Lane, Norfolk, Virginia 23504), several forms of identification (Virginia driver's permit, driver's licenses, employee ID cards), and credit cards.

9. In the bedroom, there were two separate closets, one containing female clothing and shoes and another containing male clothing and shoes. In the male closet, law enforcement recovered an American Tactical, model Alpha Maxx, 5.56 caliber (SN: NX007266) semi-automatic rifle; a Rock Island Armory model VRF14, 12 gauge (SN: 21-00592) semi-automatic shotgun; a Smith & Wesson model M&P 15-22, .22 caliber (SN: DUU4110) semi-automatic rifle, a Taurus model PT 24/7 G2, .45 caliber (SN: NFN45388) semi-automatic pistol; a bag containing 4.8 grams of 14 individually-packaged bags of cocaine, a Schedule II narcotic; a bag containing

0.5 grams of cocaine, a Schedule II narcotic; and a bag containing 9.1 grams of heroin, a Schedule I narcotic. There was a black trash bag that contained almost $6,000 USC in small denominations behind the bed in the same bedroom.

10. Investigators later conducted a custodial interview of LYONS. LYONS was advised his *Miranda* rights, which he acknowledged he understood and agreed to speak to law enforcement. LYONS made admissions that the firearms recovered from his bedroom closet were purchased on Tunstall Avenue in Norfolk months prior for $400.00 USC each. LYONS also stated he had been living at 1349 Majestic Avenue for the last five (5) years.

11. LYONS also admitted that the narcotics recovered from his bedroom closet belonged to him and that the cash behind the bed were proceeds from his drug distribution. LYONS told law enforcement that he had been distributing heroin for a "couple months" in an attempt to get money to take care of his kids. LYONS provided consent to search his cellphone.

12. In reviewing his cellphone, investigators located several conversations involving narcotics distribution. Specifically, a text message conversation in LYONS' cellphone with a contact saved as, "Bald Head," indicated this contact was a source of supply of heroin for LYONS. Specifically, on July 31, 2024, LYONS asked for "[…] a 7 piece chicken" and stated he was waiting for people to bring him "change." Based on training and experience, "7 piece chicken" refers to 7 ounces of heroin. Additionally, LYONS was waiting for customers to pay money they owed so that LYONS could purchase the 7 ounces. On August 21, 2024, LYONS and "Bald Head" exchanged messages indicating that LYONS had paid "Bald Head" $900 USC. Based on training and experience, SA Ho understands that individuals will often be fronted large quantities of narcotics and are expected to pay back the debt as they further distribute the narcotics. On September 12, 2024, LYONS asked for "a sandwich," which is an ounce. LYONS requested "Bald Head" to meet him at his "crib," that is, the 1349 Majestic Avenue residence.

13. Investigators also located several conversations between LYONS and unsaved phone numbers in which these individuals were arranging to purchase cocaine and cocaine base ("crack") from LYONS. Specifically, on October 7, 2024, an unsaved phone number texted, "[…] need 10 software and 30 the hard way," referencing cocaine ("soft") and crack ("hard"). On October 30, 2024, another unsaved number texted, "Tryna get pool of girl," referencing 3.5 grams ("pool"/"pool shot") of cocaine ("girl").

14. There are additional conversations between LYONS and unsaved phone numbers in which these individuals were arranging to purchase heroin. Specifically, on December 2, 2024, an unsaved phone number texted, "Can I get the 5 dogfood for 20[…]," referencing heroin ("food"). On December 2, 2024, another unsaved phone number texted, "Ok cool let me know I have 10 for hats," where "hats" refers to heroin.

15. There are additional conversations with phone numbers that are not saved with similar text exchanges. Based on training and experience, I understand this behavior to be common for individuals involved in unlawful activities who utilize telecommunication devices to conduct drug trafficking. These phone numbers are often "customers" who are contacting only to purchase narcotics.

16. All aforementioned firearms that were recovered from LYONS' residence are firearms as defined in Title 18, United States Code, Section 921(a)(3), and were manufactured outside the Commonwealth of Virginia. Therefore, each of the firearms had previously traveled in interstate commerce.

17. Based on my training and experience, I know that individuals who are involved in narcotics distribution often carry or possess a firearm during these activities, typically as protection of their narcotics supply and/or proceeds. Firearms are often considered tools of the trade.

18. I obtained LYONS's criminal history and determined that, prior to December 4, 2024, he had been convicted of a crime punishable by imprisonment for a term exceeding one year. He had also been convicted of misdemeanor crimes of violence in violation of Va. Code 18.2-57.2 on December 3, 2002 and July 14, 2009 in Juvenile and Domestic Relations Court in Norfolk, Virginia.

19. On April 1, 2025, I confirmed that LYONS has not had his right to possess a firearm restored in Virginia.

### III. CONCLUSION

20. Based on the facts contained herein, combined with the training and experience of the investigative team, I conclude that there is probable cause to believe that on or about December 4, 2024, Antoine Maurice LYONS did knowingly and intentionally: possess a firearm after previously being convicted of a felony in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(8), possess a firearm after being convicted of a misdemeanor crime of violence in violation of Title 18, United States Code, Section 922(g)(9), possess with the intent to distribute a Schedule II substance in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and possess a firearm in furtherance of a drug trafficking crime in violation of Title 18, United States Code, Section 924(c). I request that the Court authorize and issue an arrest warrant for Antoine Maurice LYONS for these offenses.

Further your affiant sayeth naught.

_____
Jennifer Ho, Special Agent
Bureau of Alcohol, Tobacco, and Firearms (ATF)

Sworn and subscribed to before me this __4th__ day of June 2025.

_____
UNITED STATES MAGISTRATE JUDGE

Read and Reviewed:

_____
Amanda L. Cheney
Assistant United States Attorney